UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TIARA C. ABBOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-00732-CMS |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Equifax Information Services LLC's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 8). For the reasons stated below, the motion to dismiss is **DENIED**.

## BACKGROUND

### *Factual Background*

The factual allegations in the First Amended Complaint are as follows. Plaintiff Tiara C. Abbott is a resident of Missouri. (Doc. 4 at 2). Chesterfield Lofts assigned a debt to IQ Data for collections against Plaintiff with an initial balance of $2,083. (Doc. 4 at 2). IQ Data furnished the account to Defendant, A Consumer Reporting Agency ("CRA"), with an unpaid balance of $2,418. (Doc. 4 at 2).

Plaintiff disputed the IQ Data account with Defendant in December 2025. (Doc. 4 at 2). Plaintiff disputed both the validity of the account and the balance amount. (Doc. 4 at 2). IQ Data allegedly failed to properly substantiate the account. (Doc. 4 at 3).

Plaintiff submitted a written dispute to Defendant, which included a request for "full documentation supporting verification, including the method of verification used, all documents reviewed during reinvestigation, and identification of the party contacted and their response." (Doc. 4 at 3). While Plaintiff's disputes were ongoing, Defendant issued a consumer report, including the allegedly inaccurate account, resulting in the denial of Plaintiff's application for a Direct PLUS educational loan. (Doc. 4 at 3, 4–5).

On April 24, 2026, while attempting to obtain approval for educational financing, Plaintiff made a $370 payment to IQ Data on the account, reducing the balance from $2,418 to $2,048. (Doc. 4 at 3). One week later, on May 1, 2026, Defendant issued the results of its reinvestigation, which stated that as of May 1, 2026, the IQ Data account had a balance of $2,418. (Docs. 4 at 3; 11 at 1). The results erroneously confirmed that the balance, which omitted the April 24 payment, was accurate as of May 1, 2026. (Docs. 4 at 3; 11 at 3). Plaintiff alleges that Defendant unreasonably relied on IQ Data's incorrect information in formulating the results of its reinvestigation. (Doc. 4 at 4).

In its responses to Plaintiff's requests for reinvestigation, Defendant never provided the requested and statutorily required documentation. (Docs. 4 at 4; 11 at 4–5); 15 U.S.C. §§ 1681i(a)(6)–(7).

*Procedural History*

In her First Amended Complaint, Plaintiff brings three counts for violations of the Fair Credit Reporting Acts ("FCRA").

Count I, Violation of 15 U.S.C. § 1681i Failure to Conduct Reasonable Reinvestigation, alleges Defendant failed to conduct a reasonable reinvestigation by:

> (a) relying solely on IQ Data's unsubstantiated verification without conducting any independent assessment of accuracy; (b) failing to verify the accuracy of the balance after Plaintiff's payment of $370.00 on April 24, 2026; (c) failing to reconcile the discrepancy between the reported balance of $2,418 and the correct post-payment balance of approximately $2,048; (d) failing to meaningfully consider Plaintiff's supporting documentation showing IQ Data could not substantiate proper notification of the debt; (e) continuing to report information that was inaccurate and incomplete after receiving Plaintiff's disputes and payment documentation.

(Doc. 4 at 4).

Count II, Violation of Section 1681i(a)(6) Failure to Provide Meaningful Reinvestigation Results, alleges Defendant failed to provide the statutorily required notices and descriptions of procedures to Plaintiff. (Doc. 4 at 5). Specifically, Defendant was required to provide "a description of the procedure used to determine the accuracy and completeness of the information" as part of the complete results of its reinvestigation under 15 U.S.C. § 1681i(a)(6). Plaintiff alleges that Defendant did not provide complete results. (Doc. 4 at 6).

Count III, Violation of Section 1681e(b) Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy, alleges that Defendant did not assure maximum possible accuracy in its reporting as required by statute. Specifically, Plaintiff alleges that Defendant furnished an inaccurate consumer report, which resulted in denial of Plaintiff's

educational loan, and later verified as accurate an incorrect account balance. (Doc. 4 at 6–7).

Plaintiff seeks actual damages, statutory damages, punitive damages, costs, and an injunction requiring Defendant to "correct, update, or request deletion of the IQ Data International collection account from Plaintiff's consumer credit report." (Doc. 4 at 8).

**LEGAL STANDARDS**

For a complaint to survive a Rule 12(b)(6) motion, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) ("*Iqbal*") (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010). The facts in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

On a motion to dismiss for failure to state a claim, the Court "'must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiffs.'" *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008) (quoting *Burton v. Richmond*, 276 F.3d 973, 975 (8th Cir. 2002)). But the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* plaintiffs are held to a more generous pleading standard; this Court construes the complaint liberally in the Plaintiff's favor. *Harris v. Wallace*, 984 F.3d 641, 647 (8th Cir. 2021).

## ANALYSIS

### I. The motion to dismiss as to Count I is denied because Plaintiff has successfully alleged that Defendant failed to perform a reasonable reinvestigation.

Plaintiff has successfully alleged that Defendant violated the statute.

Under the statute, Defendant is required to conduct a reasonable reinvestigation into any disputed information on a consumer's credit report and determine the "current" accurate status of any disputed item. 15 U.S.C. § 1681i(a)(1)(A).

Here, Plaintiff alleges that Defendant did not meet its obligations under this statute on at least two occasions. First, Plaintiff alleges that after she first disputed the information on her report in December 2025, Defendant reported an inaccurate balance in the disputed account. (Doc. 4 at 5–7). Specifically, Defendant reported that the account had a balance of $2,418 when the initial balance was only $2,083. (Doc. 4 at 5). Second, Plaintiff alleges that Defendant delivered a report of its investigation certifying that the $2,418 balance was correct as of May 1, 2026, but the balance at that time was only $2,048. (Doc. 4 at 5, 7). Plaintiff thus alleges that Defendant failed to establish the accuracy and currentness of the disputed item.

According to both allegations, Defendant ignored Plaintiff's documentation in support of her dispute, which amounted to an unreasonable act, and thus Defendant came

to an unreasonable conclusion. (Doc. 4 at 5). Based on a plain reading of the statute, either of these allegations would be sufficient to allege a violation of the statute at this early stage.

Therefore, the Court will not dismiss Count I of the Amended Complaint.

**II. The motion to dismiss as to Count II is denied because Plaintiff has successfully alleged that Defendant failed to provide the statutorily required description of its investigation.**

Plaintiff has successfully alleged that Defendant violated Section 1681i(a).

Under Section 1681i(a)(6)(B)(iii), "a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency" when requested. 15 U.S.C. § 1681i(a)(6)(B)(iii). Additionally, a CRA must include notices of various rights of the consumer upon the reinvestigation's completion. 15 U.S.C. §§ 1681i(a)(6)(B)(iv)–(v).

Here, Plaintiff alleges that she requested the "description of the procedure." (Docs. 4 at, 3; 11 at 4–5). She also alleges that she never received the requested description in violation of the statute. (Docs. 4 at, 3; 11 at 4–5). Defendant responds that Plaintiff merely requested an explanation, not a description. (Doc. 8 at 5–6). This apparent factual dispute, whether it is material or amounts to mere semantic parsing, is inappropriate at the motion to dismiss stage.

According to her Amended Complaint, Plaintiff "requested full documentation supporting verification, including the method of verification used, all documents reviewed during reinvestigation, and identification of the party contacted and their response." (Doc. 4 at 3). This alleged request clearly satisfies the requirement that Plaintiff request a description of the procedure. Additionally, Plaintiff alleges that Defendant did not provide

documentation, records, or any other explanation of its investigation procedure. (Doc. 4 at 4).

Therefore, Count II will not be dismissed.

**III. The motion to dismiss as to Count III is denied because Plaintiff has successfully alleged that Defendant did not follow reasonable procedures to assure accuracy in its investigation.**

Plaintiff has plausibly alleged that Defendant's procedures to assure accuracy were not reasonable in violation of Section 1681e(b).

Section 1681e(b) requires a CRA to "follow reasonable procedures to assure maximum possible accuracy" of any information in the report. 15 U.S.C. § 1681e(b).

Plaintiff alleges that the information in the report was not accurate. (Doc. 4 at 2, 3). She also claims that this report was disclosed to a third party, causing damages. (Doc. 4 at 4). While Plaintiff does not precisely identify Defendant's procedures, she does allege they unreasonably resulted in an inaccurate report. (Doc. 4 at 6–7). Specifically, Plaintiff complains of "a reported balance exceeding the amount assigned to the furnisher; a furnisher that produced no documentation when asked twice through the CFPB and again in writing; an agency that verified the figure anyway; and a balance that did not move when an admitted payment was made." (Docs. 4 at 2–7; 11 at 5). Drawing all reasonable inferences in Plaintiff's favor, this Court can infer that such obviously inaccurate results resulted from unreasonable procedures. Whether Defendant's procedures are in fact unreasonable and whether the facts support Plaintiff's allegations that the report is inaccurate are questions for a later stage.

Therefore, Count III will not be dismissed.

## CONCLUSION

In sum, because Plaintiff has alleged sufficient facts to support each of her three counts, Defendant's Motion to Dismiss (Doc. 8) is **DENIED**.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Equifax Information Services LLC's Motion to Dismiss (Doc. 8) is **DENIED**.

Dated this 9th day of November 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE